UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SAMANTHA BURTON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:23-cv-04132-SLD |
| IPREH, LLC d/b/a INNOVATIVE PRODUCTION USA, | ) ) ) ) |
| Defendant. | ) ) |

ORDER

Plaintiff Samantha Burton alleges that she and other similarly situated individuals were not compensated by Defendant IPREH, LLC, d/b/a Innovative Production USA ("IPREH") for time spent donning and doffing sanitary clothing and other protective equipment. *See generally* Compl., ECF No. 1. Pending before the Court is Burton's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, ECF No. 20. For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE.

BACKGROUND[1]

IPREH manufactures, packages, distributes, and sells food products, subjecting it to certain regulations promulgated by the United States Food and Drug Administration under the Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301–399i. Burton was employed by IPREH at its facility in Galesburg, Illinois in a role that required her to manufacture, package, and handle food

---

[1] Unless otherwise noted, the following allegations are drawn from Burton's Complaint. As part of the Settlement Agreement, IPREH continues to maintain its denials of Burton's allegations and any liability for the same. *See generally* Answer & Affirmative Defenses, ECF No. 6; *see, e.g.*, Settlement Agreement § 2.6, Mot. Prelim. Approval Ex. 1, ECF No. 20-1 ("IPREH denied and continue[s] to den[y] [Burton]'s allegations in the Civil Action."). These allegations are recited solely to provide context for the Court's analysis.

1

products, such that under those regulations, she had to wear certain sanitary clothing and other personal protective equipment on the job. *See, e.g.*, 21 C.F.R. § 110.10(b) ("All persons working in direct contact with food, food-contact surfaces, and food-packaging materials shall conform to hygienic practices while on duty to the extent necessary to protect against contamination of food.").

The first and last principal activity of Burton's workday was to don or doff her sanitary clothing and other protective equipment at IPREH's facility. She was not allowed to perform those activities outside of IPREH's facility. But she was instructed to clock in only after donning that clothing and equipment and to clock out prior to doffing the same—*i.e.*, she was required to perform these activities off the clock. Moreover, the locker room in which she donned and doffed her clothing and equipment was located a long distance away from where she was required to attend a meeting near the production floor at the start of the workday. She was similarly not compensated for this time spent walking from the locker room to the meeting area. Considering the time spent donning and doffing her sanitary gear and traveling to and from the production floor area, Plaintiff regularly worked more than forty hours in a workweek. Other employees were similarly situated to her; they were fulltime employees who were not compensated for the activities described above. She estimates that the unpaid time amounted to twenty to thirty minutes each day—at her hourly wage of $18.17/hour, about $45.42 in overtime wages went unpaid each workweek.

Burton filed her Complaint on August 14, 2023, asserting on behalf of herself and a class of employees that IPREH violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, Compl. ¶¶ 58–61, 74–79, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1–15, *id.* ¶¶ 62–67, 80–84, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS

115/1–15, *id.* ¶¶ 68–73, 85–91.[2] She asserts the FLSA claim under the Court's federal-question jurisdiction, *id.* ¶ 4 (citing 28 U.S.C. § 1331), and the state-law claims under the Court's supplemental jurisdiction, *id.* ¶ 6 (citing 28 U.S.C. § 1367). The Complaint defined the putative class as:

> All current and former employees of Innovative Productions USA employed at the Galesburg, Illinois facility who were involved in the manufacturing, packaging, or handling of food or food products and who were required to don and doff sanitary clothing and other protective equipment at any time during the three (3) years preceding the date of the filing of this Action to the present and worked more than forty (40) hours in at least one workweek.

*Id.* ¶ 59. IPREH denied Burton's allegations and asserted affirmative defenses. *See generally* Answer & Affirmative Defenses, ECF No. 6. After engaging in some discovery, the parties requested and were granted a stay of discovery to facilitate settlement discussions. Stipulation Joint Mot. Stay, ECF No. 16; Apr. 1, 2024 Text Order (Hawley, M.J.).

In an unopposed motion, Burton now seeks provisional certification of a class for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3), preliminary approval of the Settlement Agreement, appointment of class counsel, approval of the proposed settlement notice to be sent to class members, and to schedule a fairness hearing for final approval of the Settlement Agreement. Mot. Prelim. Approval 1–2. The Settlement Agreement removes the requirement that an employee have worked a full forty-hour workweek at some point to be a class member and circumscribes the class to only those employees who worked for IPREH between September 22, 2022 and September 17, 2023. Settlement Agreement § 1.5, Mot. Prelim. Approval Ex. 1, ECF No. 20-1; *see also* Mem. Supp. Mot. Prelim. Approval 3, ECF No.

---

[2] Burton purported to attach to the Complaint both her "written Consent to Join this Action" as well as the written consent of Sean Riggs. Compl. ¶ 13. Neither written consent was in fact attached. As such, Riggs is not a party to this action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

21 (stating that information informally exchanged during discovery demonstrated that such a temporal limitation was necessary "due to the circumstances at [IPREH]'s Galesburg facility, including the location and availability of timeclocks and locker rooms").

## DISCUSSION

### I. Legal Standards

Settlements resulting in the dismissal of a class action require court approval. Fed. R. Civ. P. 23(e); *In re Broiler Chicken Antitrust Litig.*, 133 F.4th 761, 763 (7th Cir. 2025). Settlements of FLSA claims also require court approval. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Iannotti v. Wood Grp. Mustang*, No. 20-cv-958-DWD, 2023 WL 6217061, at *1 (S.D. Ill. Sept. 25, 2023) ("The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval." (quotation marks omitted)); *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016) (collecting cases).[3] A class action settled under Rule 23 may only be approved upon a finding that the settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2) (specifying factors for a court to consider in deciding whether to approve a settlement). Similarly, settlements of FLSA claims may be approved after considering "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Rambo v. Glob. Diversified, Inc.*, No. 4:20-cv-04212-SLD-JEH, 2021 WL 262556, at *1 (C.D. Ill. Jan. 26, 2021) (quotation marks omitted).

FLSA claims may be aggregated into a collective action. *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 722 (7th Cir. 2024) (citing 29 U.S.C. § 216(b)). Although both procedures

---

[3] FLSA claims may also be settled under direct supervision of the Secretary of Labor. 29 U.S.C. § 216(c).

4

provide a mechanism for litigating similar claims between numerous parties, collective actions differ from class actions in significant respects, including whether the claims of those who have not opted in may be extinguished by the action. *E.g.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013); *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) ("The principle difference is that plaintiffs who wish to be included in a [FLSA] collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out.").

II.     **Analysis**

In her Complaint, Burton sought to bring this action as both a FLSA collective action and a Rule 23 class action. *E.g.*, Compl. ¶¶ 2–3. The parties now seek to provisionally certify only a Rule 23 settlement class. *See* Mem. Supp. Mot. Prelim. Approval 1–2. The Settlement Agreement would release IPREH and other related entities from liability for not only the state-law claims covered by a Rule 23 settlement, but also the FLSA claims. Settlement Agreement §§ 1.15, 6.1–6.2; *see also* Mem. Supp. Mot. Prelim. Approval 4 ("The parties seek to resolve both the Rule 23 claims and the FLSA Collective claims by way of their Settlement Agreement as the best possible outcome for all putative class/collective members."). Further, the proposed settlement notice would inform class members that failure to opt out would mean that the class member would "irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against IPREH, LLC, and all Released Parties from any and all Released Claims," Not. Proposed Settlement & Fairness Hr'g 2–3, Settlement Agreement Ex. C, ECF No. 20-4 (footnotes omitted), which would include that class member's FLSA claim, *see id.* at 3 n.2.

This opt-out-only procedure is inappropriate for resolving FLSA claims, which require an individual to opt-in into the action. *See* 29 U.S.C. § 216(b); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 976 (7th Cir. 2011). Courts have denied preliminary approval of settlement agreements which seek to resolve FLSA claims via "an opt-out Rule 23 Class action" instead of "an opt-in collective action." *See Skevington v. Hopebridge, LLC*, No. 1:21-cv-03105-JPH-MG, 2023 WL 5001068, at *2–3 (S.D. Ind. Aug. 3, 2023); *Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 2708399, at *10 (N.D. Ill. July 12, 2011) ("[T]he plain language of the FLSA leads us to conclude that an opt-in notice is required."). Because the proposed Settlement Agreement would extinguish the FLSA claims of those employees who fail to opt-out, rather than only the FLSA claims of those employees who opt-in, the Court cannot give it preliminary approval.

It is permissible to handle a FLSA and Rule 23 opt-out settlement simultaneously, but class members must be notified that they have to "(1) decide whether to opt in and participate in the federal action; [and] (2) decide whether to opt out and *not* participate in the state-law claims." *Ervin*, 632 F.3d at 976–77; *see also id.* at 978 ("Other courts in this circuit appear to have had little trouble working out an adequate notice in this type of case." (citing *O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001))).

Moreover, conditional certification of a FLSA collective action requires "a modest factual showing sufficient to demonstrate that [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 869–70 (N.D. Ill. 2017). Burton alleges that IPREH had a "practice and policy of not paying [her] and other similarly situated employees for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands,

or for associated travel." Compl. ¶¶ 77, 83. These allegations now require factual support. *See, e.g.*, *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1133, 1138 (N.D. Ill. Dec. 8, 2017) (conditionally certifying an FLSA collective action based upon employee-declarations).

Future requests for settlement approval must ensure that not only are the requirements of Rule 23 satisfied, but also that the requirements for settling FLSA collective actions are satisfied.

## CONCLUSION

Accordingly, Plaintiff Samantha Burton's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, ECF No. 20, is DENIED WITHOUT PREJUDICE.

Entered this 1st day of May, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE